IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYSHAUN REMBERT, | § | |
| | § | |
| Defendant Below- | § | No. 27, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1402006833 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 21, 2018
Decided: April 27, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, the Court finds that:

(1) The defendant-appellant, Tyshaun Rembert, filed this appeal from a Superior Court order dated December 19, 2017, sentencing him for a violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rembert's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Rembert pled guilty on April 8, 2014 to one count of drug dealing. The Superior Court immediately sentenced him to five years at Level V incarceration, to be suspended immediately for probation. On

March 13, 2015, the Superior Court found that Rembert had violated the terms of his probation and reimposed the same sentence. On March 4, 2016, the Superior Court again found Rembert in violation of his probation. For his second VOP, the Superior Court sentenced Rembert to five years at Level V incarceration (with credit for seventeen days previously served), to be suspended immediately for five months at the Level IV VOP Center, followed by one year at Level III probation.

(3) Rembert was arrested on new criminal charges, including drug dealing, on November 22, 2016. On February 16, 2017, he pled guilty to drug dealing and was immediately sentenced to eight years at Level V incarceration, suspended for one year at Level IV Residential Substance Abuse Treatment, to be suspended upon successful completion for eighteen months at Level III Aftercare. The Superior Court also found Rembert guilty of his third VOP in his 2014 case and sentenced him to four years at Level V (with credit for one day served), to be suspended for eighteen months at Level III Aftercare.

(4) On November 4, 2017, Rembert was arrested and charged with possession of a controlled substance. He pled guilty and was ordered to pay a fine. Additionally, he was charged with his first VOP in his 2016 drug dealing case and with his fourth VOP in his 2014 drug dealing case. On December 19, 2017, the Superior Court sentenced Rembert as follows: (i) for drug dealing in his 2016 case, to seven years at Level V incarceration (with credit for 50 days previously served),

suspended upon successful completion of the Key Program for eighteen months at Level III probation; and (ii) for drug dealing in his 2014 case, to four years at Level V (with credit for one day previously served), suspended for eighteen months at Level III probation. This appeal followed.

(5) Rembert appears to argue in his opening brief that he was sentenced on a charge for which he was never convicted. The record does not support Rembert's contention. To the extent that Rembert might be arguing that there was no factual basis for charging him with violating probation, that argument is belied by the record. Rembert pled guilty to committing a new criminal charge of drug possession in November 2017. It was that new criminal charge that formed the basis for the Superior Court's later VOP findings and sentence.

(6) To the extent that Rembert is challenging the length of his VOP sentences, we find no merit to that claim, either. In sentencing a defendant on a VOP adjudication, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the defendant's original sentence.[1] In this case, the Superior Court's December 2017 sentencing order did not impose more prison time than was remaining to be served on either of his underlying sentences. Thus, we find no error in the Superior Court's sentencing order.

---

[1] 11 Del. C. § 4334(c) (2015).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice